IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. 21-cr-22-LM-01 |
| ) | |
| v. ) | Count 1: Bank Fraud |
| ) | (18 U.S.C. § 1344) |
| KAZI PERVEZ, ) | |
| Defendant ) | Notice of Forfeiture |
| ) | (18 U.S.C. §§ 981(a)(1)(C) & 28 U.S.C. § |
| ) | 2461(c)) |
| _____ ) | |

Information

The United States Attorney charges:

COUNT ONE
[18 U.S.C. § 1344 – Bank Fraud]

At all times relevant to this Information:

1. Santander Bank was a financial institution as defined by Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

2. The defendant, KAZI PERVEZ, was a branch manager at a branch of Santander Bank located in Salem, New Hampshire. As branch manager, PERVEZ had the authority to, among other things, authorize overdrafts from customer bank accounts.

*The Scheme*

3. Beginning on an unknown date, but at least by in or around April 2016, and continuing to in or around September 2017, in the District of New Hampshire, PERVEZ knowingly and willfully devised and engaged in a scheme and artifice to defraud Santander Bank and to obtain money in the custody and control of Santander Bank by means of false and fraudulent pretenses, representations and promises. PERVEZ used his authority and access as a branch manager to

1

withdraw funds from some customer accounts that he converted to his use and benefit and to cause Sandtander Bank to fund and incur losses from overdrafts PERVEZ caused and authorized from some customer accounts, the proceeds of which he converted to his own use and benefit.

4.      For example, PERVEZ opened bank accounts or directed bank employees he supervised to open bank accounts using the identities and personal identification information of deceased bank customers.  Many of the accounts had little to no funds deposited in them when opened. PERVEZ then withdraw funds from the accounts that exceeded the balance of the accounts and used his authority as branch manager to authorize the overdraft from the account.

5.      Pervez also identified inactive accounts of deceased bank customers and transferred money out of those accounts to his benefit.  For example, on or about May 27, 2016, PERVEZ transferred $102,282.26 from a Certificate of Deposit owned by a deceased bank customer, V.M., to the account of another deceased customer, L.G. The last four digits of L.G.'s account number were 1732.

6.      PERVEZ used L.G.'s bank account to transfer money he overdrew or stole from other Santander bank accounts.  By on or about June 24, 2016, PERVEZ transferred all of the money out of L.G.'s account for his or his wife's personal use.

7.      PERVEZ sometimes transferred the stolen or overdrawn funds directly to non-Santander bank accounts controlled by PERVEZ or his wife or to pay their bills.  Other times, PERVEZ transferred the funds he stole or overdrew between several Santander accounts that were opened using other bank customers' identities and that PERVEZ controlled before transferring the money to non-Santander bank accounts controlled by PERVEZ or his wife or to pay their bills.

8.      Through this scheme, PERVEZ stole or fraudulently overdrew about $564,590.02 from other peoples' bank accounts.  Of that amount, PERVEZ successfully transferred about $454,730.26 to non-Santander accounts for his and his wife's personal use.

*Execution of the Scheme*

9.      On or around June 2, 2016, in the District of New Hampshire, the defendant,

KAZI PERVEZ,

knowingly executed this scheme by transferring $75,000 from L.G.'s -1732 Santander bank account to make a payment to a Capitol One credit card opened in his wife's name.

All in violation of Title 18 United States Code Sections 1344.

## NOTICE OF CRIMINAL FORFEITURE PURSUANT TO
## 18 U.S.C. § 981(a)(1)(C) AND 28 U.S.C. § 2461(c)

The United States Attorney realleges the allegations in Counts One for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Upon conviction, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

All in accordance to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

Date: January 15, 2021

SCOTT W. MURRAY
United States Attorney

Matthew T. Hunter
Assistant United States Attorney